## Tinkler and Others *v.* Palin.

On the calling of a cause, the defendant filed a general denial, putting the case at issue, but then had leave of the Court to file additional paragraphs of his answer, on or before the next calling of the cause, and on such calling, no additional paragraphs were filed, but on the next day of the term, the defendant asked leave to file such paragraphs, which was refused.

*Held*, that such refusal was not an abuse of the discretionary power of the Court.

APPEAL from the *Tippecanoe* Circuit Court.

Davison, J.—This was an action by the appellee, who was the plaintiff, against *Consider*, *Joseph*, and *Myron Tinkler*, upon a promissory note for the payment of one thousand dollars. The note bears date November 21, 1860, and was payable one day after date. Defendants answered by a general denial. The Court tried the issues and found for the defendants. Final judgment was accordingly rendered, etc.

A bill of exceptions states thus : " This cause was set for trial on the fifteenth day of the April term, 1861. On the second day of that term, a rule for an answer on the seventh day was entered, and on the seventh a general denial was filed as the answer; also, on that day, an order was made that defendants have leave to file additional paragraphs of said answer, on or before the next calling of the cause. On the thirteenth day of the term, the plaintiff's attorney moved to have the defendants called, and defaulted, for want of an answer, but was informed by the Court that a default could not be entered, because there was then an answer on file, and no entry of any kind was then made in the cause. And, on the fourteenth day of the term, upon the calling for motions, and at the proper time, under the rules and practice of the Court, for filing answers, the defendants' attorneys

Tinkler and Others *v.* Palin.

produced, and offered to file, an additional paragraph to their answer, as follows:

" 2. Defendants, for further answer, say, that *Consider Tinkler*, one of the defendants, at the date of the note, was the owner in fee of a tract of land, which he, orally, agreed with the plaintiff to sell to him for two thousand three hundred and forty-nine dollars, of which one thousand dollars was to be paid in cash, and the residue secured by a note and mortgage thereafter to be made by the plaintiff; that the plaintiff went to the warehouse of the defendants and paid the one thousand dollars cash payment on the land, and *Myron W. Tinkler*, as agent of *Consider Tinkler*, supposing that all the plaintiff desired was an evidence of the payment of the one thousand dollars, made the note in suit, intending it only as a receipt, which the defendants ask to be reformed and adjudged to be a receipt. It is averred, that *Consider Tinkler* has ever been ready and willing, and still is ready, etc., and offers to convey said land to the plaintiff in satisfaction of the note. Wherefore, etc. The offer to file this paragraph, though the case was not called for trial, was resisted by the plaintiff, and refused by the Court, and the defendant excepted." Was this ruling correct?

As has been seen, the defendant, on the seventh day of the term, filed the general denial. The cause was then at issue; but the Court, on that day, ordered that he "have leave to file additional paragraphs to his answer, on or before the next calling of the cause." The case was called on the thirteenth day of the term, but no additional paragraphs were then filed. This call, it appears, was made for the purpose of taking a default against the defendant, which, the general denial having been pleaded, could not be done; still the cause was called; and that call was, it seems to us, "the next calling of the cause," within the meaning of the order. It follows, the defendants, after the calling thus made, were not entitled to further leave to file additional paragraphs.

And that being the case, the refusal of the Court, on the fourteenth day of the term, to allow the additional pleading to be filed, was not, in our opinion, an abuse of its discretionary power.

*Per Curiam.*—The judgment is affirmed, with five per cent. damages and costs.

*H. W. Chase* and *J. A. Wilstach*, for the appellants.